```
             UNITED STATES DISTRICT COURT
                       FOR THE
                 DISTRICT OF VERMONT

Corydon Cochran,                  :
        Plaintiff,                :
                                  :
        v.                        :    File No. 1:06-CV-116
                                  :
CCA-LAC Medical Dept.,            :
Vermont Dept. of                  :
Corrections Medical Dept.,        :
        Defendants.               :
```

MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
(Papers 6, 9 and 13)

Plaintiff Corydon Cochran, proceeding *pro se*, brings this action claiming that he was denied adequate medical care while incarcerated. Defendant Vermont Department of Corrections Medical Department ("DOC") has moved to dismiss (Paper 6) on the basis of its Eleventh Amendment immunity. Defendant CCA-LAC Medical Department ("CCA") has also moved to dismiss (Paper 9), arguing, *inter alia*, that Cochran has failed to raise an Eighth Amendment claim, and that CCA cannot be held liable under § 1983 on a theory of *respondeat superior*. For the reasons set forth below, I recommend that the motions to dismiss be GRANTED, and that Cochran's claims be DISMISSED.

Factual Background

The purpose of the defendants' motions to dismiss, the facts alleged in Cochran's complaint will be accepted

as true.  During the period of time in question, Cochran was a Vermont inmate incarcerated in Kentucky.  On April 1, 2006, he discovered that he had what he believed to be a hernia and submitted a sick call slip that evening.  Three days later, a nurse confirmed that Cochran had an umbilical hernia.  The nurse wrote Cochran a "medical excuse" limiting his lifting to nothing over 10 pounds, and informed him that a doctor would meet with him to discuss the need for surgery.

Cochran subsequently met with a medical practitioner, C. Chandler, "who acted as a partisan for the doctor . . . who had the authority of the CCA-LAC Medical Dept. to help me in my dilemma yet she chose to deny me my need [sic] medical treatment, IE: surgery." Cochran reportedly informed Chandler that he was scheduled to be released in the near future, that the Parole Department would require him to find job, and that he needed the hernia repaired because no one would hire him for "light duty."  Chandler allegedly told Cochran that she was unable to help him because his condition was not life threatening.

Cochran also claims that his hernia is, in fact,

life threatening, since it can create a "blockage of food through my intestines and can cause death if it gets twisted outside the stomach sac blocking the flow of blood causing gangrene." Cochran further claims that the denial of surgery was negligent, deliberate, and in violation of his Eighth Amendment rights. For relief, he is seeking compensatory and punitive damages.

I.  <u>Motion to Dismiss Standard</u>

On a motion to dismiss, "a court has to consider the legal sufficiency of the claim as stated in the complaint and is not to weigh facts underlying the claim or the merits of the case." <u>Esden v. Bank of Boston</u>, 5 F. Supp. 2d 214, 216 (D. Vt. 1998) (citing <u>Goldman v. Belden</u>, 754 F.2d 1059, 1067 (2d Cir.1985)). The Court must assume all well-pleaded factual allegations to be true and draw reasonable inferences in the light most favorable to the plaintiff. <u>See</u> <u>Shakur v. Selsky</u>, 391 F.3d 106, 112 (2d Cir. 2004); <u>Bernheim v. Litt</u>, 79 F.3d 318, 321 (2d Cir. 1996). Dismissal is impermissible unless "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." <u>Flores v. S. Peru Copper Corp.</u>, 343 F.3d 140,

3

148 (2d Cir. 2003) (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)).

This standard is applied with particular force where the plaintiff is *pro se*. Hernandez v. Coughlin, 18 F.3d 133, 136 (2d Cir.), cert. denied, 513 U.S. 836 (1994). In a recent decision, the Second Circuit reiterated the principle that "'[i]mplicit in the right of self-representation is an obligation on the part of the court to make reasonable allowances to protect *pro se* litigants from inadvertent forfeiture of important rights because of their lack of legal training.'" Triestman v. Federal Bureau of Prisons, 2006 WL 3499975, at *3 (2d. Cir. Dec. 5, 2006) (quoting Traguth v. Zuck, 710 F.2d 90, 95 (2d Cir. 1983)). Therefore, the Court must construe *pro se* claims "'to raise the strongest argument that they suggest.'" Id. (quoting Burgos v. Hopkins, 14 F.3d 787, 790 (2d Cir. 1994)) (emphasis in Triestman).

II.  Eleventh Amendment Immunity

The DOC has moved to dismiss on the sole ground of sovereign immunity (Paper 6). Pursuant to the doctrine of sovereign immunity, the Eleventh Amendment bars suits by private citizens against a state or its agencies in

federal court unless the state has waived its immunity or Congress has properly abrogated that immunity. See Pennhurst State School & Hosp. v. Halderman, 465 U.S. 89, 98-99 (1984); Seminole Tribe v. Florida, 517 U.S. 44, 55 (1996). With respect to this case, it is clear that neither Vermont nor Congress has waived the sovereign immunity that protects the DOC from a damages action brought against it. There is no indication in 42 U.S.C. § 1983 that Congress intended to abrogate state sovereign immunity, and the Supreme Court has specifically held that Congress did not intend to override well-established immunities such as state sovereign immunity when it enacted § 1983. See Will v. Michigan Dep't of State Police, 491 U.S. 58, 67 (1989). It is equally clear that Vermont has not waived its sovereign immunity under § 1983. See 12 V.S.A. § 5601(g) (Vermont Tort Claims Act reserves Eleventh Amendment immunity for all claims not explicitly waived). Cochran's suit in this Court against the DOC is, therefore, barred by the Eleventh Amendment, and his claims against the DOC should be DISMISSED.[1]

---

[1] Cochran claims that he is no longer in possession of the DOC's motion to dismiss, and has therefore been unable to respond to the DOC's argument for dismissal. Because the DOC's Eleventh Amendment argument so clearly bars Cochran's claims in federal court, any response would be futile, and leave to file such a response should not be granted.

Case 1:06-cv-00116-jgm-jjn   Document 17   Filed 01/05/07   Page 6 of 10

III.  *Respondeat Superior* Liability for CCA

Defendant CCA-LAC Medical Department ("CCA") has also filed a motion to dismiss.  CCA claims that Cochran has failed to allege either a serious medical need or the deliberate indifference required for an Eighth Amendment violation.  CCA also argues that it cannot be held liable under § 1983 on a theory of *respondeat superior*.  Because CCA's *respondeat superior* argument requires the dismissal of Cochran's claims against it, the Court need not address the issue of whether those claims rise to the level of an Eighth Amendment violation.

It is well established that an employer is not liable for the acts of its employees under the tort theory of *respondeat superior* in suits brought pursuant to § 1983.  See Polk County v. Dodson, 454 U.S. 312, 325 (1981).  Although this rule was initially established in the context of municipal employers, it has been extended to private employers as well.  See Iskander v. Village of Forest Park, 690 F.2d 126, 128-29 (7th Cir. 1982); Powell v. Shopco Laurel Co., 678 F.2d 504, 506 (4th Cir. 1982); Draeger v. Grand Central, Inc., 504 F.2d 142, 145-46 (10th Cir. 1974).  Therefore, in the ordinary case, a

6

private employer such as CCA would not be liable for the constitutional tort of an employee "unless the plaintiff proves that 'action pursuant to official . . . policy of some nature caused a constitutional tort.'" Rojas v. Alexander's Dep't Store, Inc., 924 F.2d 406, 408 (2d Cir. 1990) (quoting Monell v. Dep't of Soc. Servs. Of City of New York, 436 U.S. 658, 691 (1978)); Vega v. Fox, 2006 WL 397941, at *5 (S.D.N.Y. Feb. 21, 2006).

In this case, it is arguable that CCA is more than a mere private corporation, since it is in the business of housing prisoners on behalf of the State of Vermont. Indeed, it has been held that a private corporation performing the traditional state function of operating a prison acts under the color of state law for the purposes of § 1983. See Street v. Corr. Corp. of Am., 102 F.3d 810, 814 (6th Cir. 1996). Nonetheless, the plaintiff must still prove that his injury was caused by an action taken pursuant to an official policy or custom. Monell, 436 U.S. at 691. Cochran has made no such claim.

Cochran alleges in his complaint that an individual, C. Chandler, determined that his hernia was not life threatening. Cochran disagreed, and pleaded with

7

Chandler to grant him surgery, in part because of his belief that the hernia threatened his life and in part because he believed he would not be employable with an untreated hernia.  Significantly, Cochran does not allege that it was CCA policy to deny him necessary surgery.  Indeed, it would be difficult to argue that CCA has a policy of disallowing surgery when its own personnel, or related medical providers, have determined that an inmate has a serious condition and that surgery is required.

In sum, Cochran's complaint alleges wrongdoing by an individual, and not CCA.  He claims that the individual made a medical determination, and according to that determination denied Cochran his desired treatment.  Cochran does not allege that the individual was acting pursuant to any CCA policy or custom, or that his injuries were the direct result of such a policy or custom.  I therefore recommend that Cochran's Eighth Amendment claim against CCA be DISMISSED.

III.  <u>Negligence Claims</u>

Cochran also claims that the defendants were negligent.  Negligence is a state common law claim.  Because negligence is a state law claim, this Court may,

in its discretion, exercise supplemental jurisdiction. 28 U.S.C. § 1367(c).  However, when all claims over which the Court had original jurisdiction have been dismissed, it is the usual practice to dismiss any remaining state law claims.  See Baylis v. Marriott Corp., 843 F.2d 658, 665 (2d Cir. 1988) ("When all bases for federal jurisdiction have been eliminated . . ., the federal court should ordinarily dismiss the state claims.").  Accordingly, I recommend that the Court decline supplemental jurisdiction over Cochran's negligence claims, and that those claims be DISMISSED without prejudice.

## Conclusion

For the reasons set forth above, I recommend that the defendants' motions to dismiss (Papers 6 and 9) be GRANTED, and that this case be DISMISSED.  The defendants' motion to strike Cochran's opposition to the their motions (Paper 13) is DENIED.

Dated at Burlington, in the District of Vermont, this 4th day of January, 2007.

/s/ Jerome J. Niedermeier
Jerome J. Niedermeier
United States Magistrate Judge

Any party may object to this Report and Recommendation within 10 days after service by filing with the clerk of the court and serving on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections.  Failure to file objections within the specified time waives the right to appeal the District Court's order.  See Local Rules 72.1, 72.3, 73.1; 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b), 6(a) and 6(e).